JACOB KELLY *vs.* SIMON B. PAGE.

A surety on a bail bond, who has compromised his liability with the obligee, and taken an assignment of a judgment recovered by the obligee against the other surety in *scire facias* on the bond, can recover, in an action against his co-surety on such judgment, only half of the amount of that judgment.

ACTION OF CONTRACT on a judgment for damages and costs, recovered by the plaintiff against the defendant in the court of common pleas.

At the trial of this action in that court, there was evidence of these facts : The plaintiff brought *scire facias* against Josiah G. Chase and Page, sureties of Daniel Gale on a bail bond ; and, pending that action compromised with Chase, who had appeared and answered, and became nonsuit as to him, and took judgment against Page, who was defaulted, for the whole amount of debt, costs and interest, which was the judgment now declared on. The plaintiff afterwards assigned to Chase the judgment against Page, Chase orally agreeing to pay the plaintiff one half of what might be recovered of Page or of Gale ; and some time after assigned to Chase, for a sum of money, all his remaining interest in that judgment, and it was orally agreed that Chase might use the plaintiff's name in collecting it. The present action was brought by the direction of Chase, for his exclusive benefit, and at his cost.

Upon this evidence, *Mellen*, C. J. ruled that, although Chase and Page were liable jointly and severally as sureties on the bail bond, still these facts did not amount to a satisfaction of the judgment declared on, nor constitute a defence to this action ; and directed the jury to return a verdict for the plaintiff for the whole amount of the judgment, which they did ; and the defendant alleged exceptions.

*D. S. Richardson & G. F. Richardson*, for the defendant.

*I. S. Morse*, (*B. F. Butler* with him,) for the plaintiff.

DEWEY, J. In the view we take of this case, we do not go behind the judgment recovered by the plaintiff on the *scire*

*facias*, for any purpose of impeaching the same, or denying its entire validity as a judgment. But when an attempt is made, long after a judgment is obtained, to make it the foundation of a new action and a new judgment, it is always competent to show that such judgment has been paid or discharged; or that, by reason of subsequent acts, the right to a new judgment is lost, in whole or in part; or that there have arisen equities of such a character as may be shown to affect the same.

The position taken in the defence, and fully conceded by the other party, is, that this action upon the former judgment is in the name of a nominal plaintiff, having no interest in the same, but is really an action instituted by, and wholly for the benefit of Josiah G. Chase. As against Chase, the defendant proposes to show that the foundation of the judgment was originally a joint liability of the defendant and Chase, as co-sureties on a bail bond given for the discharge from arrest of Daniel Gale, and that whatever sum either of the said co-sureties may be obliged to pay in consequence of such joint liability, the other party will be obliged to refund to him one half thereof. This is shown to be in fact the relation of these parties. A recovery from the defendant of the entire sum to which the plaintiff was entitled, as the creditor of Gale, upon the bail bond thus given, will authorize an action against his co-surety Chase for one half.

It is now a familiar doctrine, that when circuity of action can be avoided, and no injustice arise thereby as to the rights of the parties, this court will allow such claim to be deducted in the original action, and not compel the defendant to resort to another action.

While it is true, therefore, that no defence could have been maintained by the present defendant as against Kelly, if he were prosecuting the present action, it is no less true that, if the whole interest in the judgment is vested in Chase, and he is seeking the aid of this court to enforce his demand as such assignee of the judgment, it may constitute a good ground for reducing the damages to such amount as is justly due between the parties in interest. As the defendant would be liable, as between himself and Chase, to pay only one half of this judg-

ment, and Chase would be required to contribute the other half; if a recovery of the whole were allowed against the defendant the court are of opinion that the exceptions must be sustained, and judgment entered in the present suit for one half the sum due on the former judgment.